# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA BAKER, ET AL. | : | Case No.: 1:18-cv-00757 |
| Plaintiffs, | : | Judge Timothy S. Black |
| v. | | Magistrate Judge Karen L. Litkovitz |
| | : | |
| BENSALZ PRODUCTIONS, ET AL. | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT EXCEL SPORTS MANAGEMENT LLC'S MOTION TO DISMISS

Now comes Plaintiffs, Belinda Baker ("Baker"), Starborne Productions, LLC ("Starborne"), and Starbreacher Enterprises LLC ("Starbreacher"), by and through counsel, and hereby submit their memorandum in opposition to Defendant Excel Sports Management LLC's ("Excel") Motion to Dismiss.

### Introduction

In early 2011, Plaintiffs were introduced to Defendant Excel through Defendant BenSalz Productions LLC. Defendant Excel offered to serve as Plaintiffs' co-producers, agent and manager in exchange for a percentage of the profits of the sale, financing and/or production of an animated feature film related to Plaintiffs' intellectual property, "Finney the Starbreacher," which had been developed through years of intense work. Defendant Excel enticed Plaintiff Baker to partner with it by making grand promises of opening up its books of vast connections with the superstars of the sports world.

Ultimately, the relationship deteriorated when it became clear to Plaintiffs that Defendant Excel had no intention of carrying through with any of its promises and had, in fact, failed to follow through with any purported leads with its network of producers, financiers and talent. This lawsuit was the result.

## Law and Argument

**I.     Plaintiffs Need Make Only a *Prima Facie* Showing of Jurisdiction, Construing the Evidence in the Light Most Favorable to Plaintiffs.**

When a defendant moves to dismiss a complaint under Fed.R.Civ.P. 12(B)(2), the Court has three procedural options: 1) decide the motion on the basis of the pleadings and affidavits alone; 2) permit discovery addressing the issues raised in the motion; or 3) conduct an evidentiary hearing on the merits of the motion. *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The Court's choice in that regard dictates the level of proof the plaintiff must meet to survive the motion to dismiss and determines what evidence the Court may consider in reaching its decision. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).

In ruling on such a motion without an evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff and plaintiff "need only make a *prima facie* showing of jurisdiction." *Dean*, 134 F.3d at 1262. Plaintiff can do this by establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir., 2002). In conducting this inquiry without an evidentiary hearing, the court "will not consider

facts proffered by the defendant that conflict with those offered by the plaintiff and will construe the facts in the light most favorable to the nonmoving party" *Id* (citations omitted); *Dean* at 1262; see also *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir., 2006) (where no evidentiary hearing is held "[t]he court need only find that plaintiff has set forth specific facts that support a finding of jurisdiction in order to deny the motion to dismiss."). The Sixth Circuit has characterized this burden as "relatively slight." *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir., 1996). In deciding the motion, the court is not confined to the allegations contained in the complaint, but may also consider such other submissions as affidavits that accompany the response to the movant's motion to dismiss. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996).

In light of the facts alleged in Plaintiffs' Complaint and recited in the attached declaration, Plaintiffs have more than met their burden.

### A. Ohio's Long-Arm Statute Confers Jurisdiction over Defendant Excel.

Ohio's long-arm statute, R.C. 2307.382, is extremely broad and encompasses a wide range of activity. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear*, 53 Ohio St.3d 73, 75 (Ohio 1990). See also *United States Sprint Communications Co. P'ship v. K's Foods*, 68 Ohio St.3d 181, 185 (1994) where the court characterized R.C. 2307.382 as "a broad statement of jurisdiction."

Relevant to this action, R.C. 2307.382 in pertinent part provides as follows:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state …

Jurisdiction is proper here because Defendant Excel clearly has transacted business in Ohio. The phrase "transacting any business" as used in R.C. 2307.382(A)(1) is broadly interpreted both by Ohio courts and by federal courts applying Ohio's long-arm statute. See *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx. 425, 431 (6th Cir. 2006). The term "transact" encompasses "to carry on business" and "to have dealings" and is broader than the word "contract." See *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994). Even non-commercial activities can constitute the transaction of business under R.C. 2307.382(A)(1). See *Barile v. Univ. of Va.*, 2 Ohio App.3d 233, 236, (1981). The phrase "transacting any business" does not even require a person to have a physical presence in the State of Ohio, *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1264 (6th Cir. 1996).

An out of state defendant has "transacted business" within the meaning of Ohio's long-arm statute if the defendant "reached out to the plaintiff in the forum state to create a business relationship." *Shaker Constr. Group, LLC v. Schilling*, Case No. 1:08cv278, 2008 U.S. Dist. LEXIS 79645 (SD. Ohio, Sept. 18, 2008) (citations omitted). The allegations in Plaintiff's complaint and Baker's Declaration clearly establish that Defendant Excel has reached out to Ohio residents to establish business relationships, one of which is Defendant Excel's top client. As the Supreme Court has noted, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequence of their activities."

4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citations and quotations omitted).

In light of the allegations in the Complaint and Baker's Declaration, Plaintiffs have satisfied their "relatively slight" burden to establish a *prima facie* showing of personal jurisdiction by virtue of Defendant Excel's transacting business in Ohio.

> **B. This Court's Exercise of Personal Jurisdiction over Defendant Excel is Consistent with the Due Process Clause of the Fourteenth Amendment**

A court's exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements. *Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). This Court's exercise of personal jurisdiction over Defendant Excel is consistent with the due process clause of the Fourteenth Amendment.

The Due Process Clause requires that the defendant had "minimum contacts" with the forum state such that a defendant should "reasonably anticipate being haled into court there," and "the exercise of jurisdiction comport[s] with traditional notions of fair play and substantial justice." *Fortis Corp. Ins. v. Viken Ship Mgmt.*, 450 F.3d 214 (6th Cir. 2006). The minimum contacts prong is satisfied either through specific or general jurisdiction. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002); *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (6th Cir. 2000). Both are met here.

### 1. This Court has General Jurisdiction over Defendant Excel.

The Supreme Court expounded on the boundaries of general jurisdiction over corporations in *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014): "[a] court may assert general jurisdiction over foreign (sister-state or foreign country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Ops, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). This standard has two parts: (1) in-forum contacts that are continuous and systematic and (2) the continuous and systematic contacts render the corporation at home in the forum. *Id.* at 761. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924; *see also Daimler*, 134 S. Ct. at 760 (quoting *Goodyear*). Although the place of incorporation and the principal place of business are the primary bases for general jurisdiction for corporations, "in an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 & n.19 (internal citation omitted).

Like most cases deciding jurisdictional issues, Daimler dealt with typical corporate entities that have, for example, an important and readily identifiable headquarters location. Like most modern national and international business

entities, Defendant Excel—a limited liability company—is an entirely different kind of organization, to which the paradigm of a place of incorporation or principal place of business should not apply. Defendant Excel's website presents the company as a leading full-service multi-sports management and marketing agency with sports superstars and celebrity clientele. Although New York may be its largest office, it is, by its nature, a company that trades on its national impact and "connections." (Declaration of Belinda Baker at ¶ 4, 10, attached hereto as Exhibit A). Defendant Excel was ranked among the top three most valuable agencies for three consecutive years with $3.39 billion in active contracts by Forbes Magazine in 2016, 2017 and 2018. (*Id.* ¶ 3)

Consequently, this case should not be forced into traditional corporate paradigms that do not fit its facts. Instead, the jurisdictional analysis should consider whether Defendant Excel's activities in Ohio render it "at home" in the state. In fact, Defendant Excel regularly and systematically operates in Ohio, as well as maintaining other business contacts in the state in an effort to bolster its presence to attract additional clientele. These activities go far beyond random, fortuitous or attenuated contacts.

Specifically, The President and Founder of Excel, Jeff Schwartz, graduated from Miami University in Oxford, Ohio and currently serves on the Miami University Corporate Athletic Board. (Baker Declaration ¶ 5). Mr. Schwartz represents multiple Ohio athletes, including Kevin Love, who signed a $110 million 5-year deal with the Cleveland Cavaliers in 2015 through Defendant Excel's

7

representation. (*Id.* ¶ 6) In fact, Mr. Love is one of Excel's most valuable clients, according to Forbes. Defendant Excel also has amongst its clients Deron Williams and Jared Cunningham of the Cleveland Cavaliers. (*Id.* ¶ 7). Additionally, Mark Steinberg, a key partner of Excel, sits on the Greater Cleveland Sports Commission and Kent Mercker, a retired major league baseball player who currently lives in Ohio and works as a broadcaster for the Cincinnati Reds, is listed as an "advisor/professional development" for Defendant Excel. (*Id.* ¶ 8, 9)

All of these connections are of such a substantial nature as to render the corporation "at home" in Ohio. The corporate paradigm is inapposite for a company that prides itself on having a national reputation and presence, and frequently in Ohio specifically. Therefore, the Court has general jurisdiction over Defendant Excel.

### 2. This Court has Specific Jurisdiction over Defendant Excel.

The Supreme Court observed that "specific jurisdiction has become the centerpiece of modern jurisdiction theory." *Daimler*, 134 S. Ct. at 755. This Court has specific jurisdiction over Defendant Excel because of its activities within Ohio.

For a court to property exercise personal jurisdiction over a nonresident defendant, it must engage in a two-step analysis: (1) whether the Ohio long-arm statute and the relevant Ohio Rules of Civil Procedure confer jurisdiction and, if so, (2) whether the exercise of that jurisdiction would deprive the defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *See Fallang v. Hickey*, 532 N.E.2d 117 (Ohio 1988).

8

Specific jurisdiction is proper when "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Bird*, 289 F.3d at 884. Specific jurisdiction exists if Defendant's contacts with Ohio satisfy the following test:

> First, the defendant must purposefully avail [herself] of the privilege of acting in the forum state or causing a consequent in the form state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequents caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549-50 (6th Cir. 2016) (citation omitted). Plaintiff has made sufficient factual allegations under each of these elements to have met its *prima facie* burden of establishing personal jurisdiction under a specific jurisdiction due process analysis.

The "purposeful availment" requirement is satisfied when a defendant's contacts with the forum state proximately result from the defendant's actions that create a substantial connection with the forum state. *Burger King Corp.*, 471 U.S. at 474-475. This requirement does not mean that a defendant must be physically present in the forum state. *Compuserve*, 89 F.3d at 1264. Rather, so long as an out of state business' efforts are purposefully directed toward residents of another state, the absence of physical contacts cannot defeat personal jurisdiction there. *Burger King Corp.*, 471 U.S. at 476.

In *Cole v. Mileti*, 133 F.3d 433 (6th Cir. 1998) cert. denied, 525 U.S. 810 (1998), the Court affirmed the district court's holding that Mileti, a California resident, purposely availed himself of the laws of Ohio, without ever visiting Ohio in

9

relation to the subject transaction. *Id.* at 436. Cole, an Ohio resident, had invested in Mileti's California corporation by securing a bank loan. *Id.* at 435. After the business failed, Mileti started to negotiate with Cole, via telephone and letter, to purchase Cole's share of the corporation. *Id.* The parties executed a contract requiring Mileti to repay the bank in exchange for Cole's share of the corporation. *Id.* Accordingly, the Cole court summarized its finding as follows:

> If, as here, a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to an Ohio resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in Ohio.

In *The Andersons, Inc. v. Demrex Int'l Serv. Group, LLC*, 590 F.Supp. 2d 963 (N.D. Ohio 2008), Judge James Carr found the facts in *Cole* to be largely analogous to the case presented to him and, thereby found that the nonresident defendants purposely availed themselves of the laws of Ohio when they "negotiated via telephone and [electronic] letter with an Ohio-based corporation." *Id.* at 968-969. This case is even more compelling than the facts in *The Andersons* and *Cole* cases, because Defendant Excel participated in extensive and ongoing contacts, negotiations, and planning by repeated telephone and email communications with Plaintiffs in Ohio throughout a two-year period.

Furthermore, Defendant Excel was introduced to Plaintiffs' project and reached out specifically to offer its services as an agent and manager (Baker Declaration). Defendant Excel's choice to target an Ohio resident and businesses satisfy the "purposeful availment" requirement of a specific jurisdiction analysis under the due process clause. In addition, Defendant Excel's ongoing

10

representation of Ohio sports stars also purposefully availed itself of acting in Ohio. As discussed above, these activities satisfy the transacting business requirement of R.C. 2307.382(A)(1). And the Sixth Circuit in *Burnshire Dev., LLC.*, 198 Fed. Appx. 425, 431-432 concluded that "the Ohio 'transacting any business' standard is coextensive with the purposeful availment prong of constitutional analysis." This prong is thus satisfied.

Plaintiffs have also met their *prima facie* burden that their cause of action arises from Defendant Excel's activities in the forum state. As a direct and proximate result of Defendant Excel's active targeting of Plaintiff and Ohio "sports superstars," Defendant was able to coerce Plaintiffs into partnering with Excel as their agents and manager.

Plaintiffs have also met their *prima facie* burden of demonstrating that Defendant's acts and the consequences caused by those acts have a substantial enough connection with Ohio to make this Court's exercise of jurisdiction over Defendant reasonable. As a preliminary matter, when the first two requirements of specific jurisdiction are met, as is the case here, an inference arises that this third factor is also satisfied. *Compuserve, Inc.*, 89 F.3d at 1268. After giving due weight to that inference, a trial court may consider "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *American Greetings Corp.*, 839 F.2d at 1169-1170.

None of those considerations suggest that this Court's exercise of personal jurisdiction over Defendant Excel would be anything but reasonable. For instance, Defendant Excel has not made any showing as to how this lawsuit pending in the Southern District of Ohio would be an unreasonable burden on it. To the contrary, Defendant's extensive presence and business contacts in Ohio, including at least one "advisor/professional development" agent working and living in Ohio, means that Ohio has an interest "in providing effective means of redress for its residents." *Compuserve*, 89 F.3d at 1266 (quoting *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223, 78 S.Ct. 199 (1957). Specifically, Ohio has a legitimate interest in providing redress here for Plaintiffs, who live and work in Ohio. Moreover, no state has a greater interest or objectively more efficient process to resolve this controversy. Accordingly, this Court exercising personal jurisdiction over Defendant is reasonable.

In conclusion, Plaintiff has met his *prima facie* burden of demonstrating that Defendant Excel's conduct is covered by Ohio's Long Arm Statute and comports with due process under the Fourteenth Amendment. Thus, this Court should deny Defendant's Motion to Dismiss based on the alleged lack of personal jurisdiction.

### C. Plaintiffs May Amend Their Complaint With Leave of Court.

Federal Civ. R. 15(A)(2) provides in relevant part:

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Up until recently, Plaintiffs were pro se litigants. Although Plaintiffs have amended their complaint pursuant to Federal Civ. R. 15(A)(1), now that Plaintiffs

12

are represented by counsel, in the interest of judicial efficiency, they will presently seek leave of the Court to amend their Complaint a second time, which will render the remainder of Defendant Excel's motion to dismiss moot.

## Conclusion

For all of the foregoing reasons, Defendant Excel's Motion to Dismiss should be DENIED.

                                                Respectfully submitted,

                                                /s/ John Hui Li
                                                John (Hui) Li (OH #0082661)
                                                Horenstein, Nicholson & Blumenthal LPA
                                                124 E. 3rd Street, Suite 500
                                                Dayton, Ohio 45402

                                                *Trial Attorney for Plaintiffs*
                                                *Belinda Baker, et al.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2019, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system upon all counsel of record and all parties.

                                                /s/ John Hui Li
                                                John (Hui) Li (OH #0082661)

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA BAKER, ET AL. | : | Case No.: 1:18-cv-00757 |
| Plaintiffs, | : | Judge Timothy S. Black |
| v. | | Magistrate Judge Karen L. Litkovitz |
| | : | |
| BENSALZ PRODUCTIONS, ET AL. | | |
| | : | |
| Defendants. | | |
| | : | |

### DECLARATION OF BELINDA BAKER

Belinda Baker, with personal knowledge, hereby declares the following:

1. I am an adult competent to testify.

2. I submit this declaration in support of Plaintiffs' Memorandum in Opposition to Defendant Excel's Motion to Dismiss.

3. According to Forbes Magazine, Defendant Excel was ranked among the top three most valuable agencies for three consecutive years with $3.39 billion in active contracts in 2016, 2017 and 2018.

4. Defendant Excel, through its agents and representatives, convinced me to partner with it as my co-producer, agent and manager because of its vast connections with the elite of the sports world and its myriad "connections" as that is its business.

5. Through my business relationship with Defendant Excel Sports Management LLC, I discovered that the President and Founder of Excel, Jeff

Schwartz, graduated from Miami University in Oxford, Ohio and currently serves on the Miami University Corporate Athletic Board.

6.   I also learned that Mr. Schwartz represents multiple Ohio athletes, including Kevin Love, who signed a $110 million 5-year deal with the Cleveland Cavaliers in 2015 through Defendant Excel's representation.

7.   In addition, to my knowledge, Defendant Excel also has amongst its clients Deron Williams and Jared Cunningham of the Cleveland Cavaliers.

8.   Mark Steinberg, a key partner of Excel, sits on the Greater Cleveland Sports Commission.

9.   Kent Mercker, a retired major league baseball player who currently lives in Ohio and works as a broadcaster for the Cincinnati Reds, is an advisor/professional development consultant for Defendant Excel.

10.  Defendant Excel, through its employees and/or agents, boasted of its national impact and its wide reach as a means to coerce me to engage Excel as my agent.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 22, 2019.

/s/ Belinda Baker  
Belinda Baker