IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA BAKER, et al., | : | Case No.: 1:18-cv-00757 |
| | : | |
| Plaintiffs | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| BENSALZ PRODUCTIONS LLC, et al., | : | **DEFENDANT EXCEL SPORTS** |
| | : | **MANAGEMENT LLC'S REPLY IN** |
| Defendants. | : | **FURTHER SUPPORT OF ITS** |
| | : | **MOTION TO DISMISS PLAINTIFFS'** |
| | : | **AMENDED COMPLAINT** |

**INTRODUCTION**

Plaintiffs' opposition (Doc. 28, "Plaintiffs' Opp.") to Defendant Excel Sports Management LLC's ("Excel") motion to dismiss (Doc. 15) is woefully insufficient.[1] Plaintiffs have no response to Excel's Rule 12(b)(6) arguments that their Amended Complaint fails to state a claim and that, in any event, the statutes of limitations have run. Plaintiffs' failure to address Excel's substantive arguments is an abandonment of their claims and a waiver of any arguments that they may make in the future regarding those claims.

While Plaintiffs attempt to meet their burden to establish this Court's jurisdiction over Excel, their arguments fail. Excel is not subject to general jurisdiction in Ohio because it is undisputed that none of its members are Ohio residents and its principal place of business is in New York. Excel is not subject to specific jurisdiction because none of its alleged suit-related conduct occurred in, or was directed to, Ohio. Plaintiffs sought out Excel in New York for work that it allegedly would do in New York and California.

---

[1] It also was untimely filed on April 23, 2019, after the April 22 deadline (an extended deadline date chosen by Plaintiffs). *See* Docs. 24, 27.

1

For all of these reasons, and for the reasons set forth in Excel's motion ("Excel's MTD"), Plaintiffs' Amended Complaint should be dismissed in its entirety with prejudice.

## I.

### PLAINTIFFS FAIL TO DEMONSTRATE
### PERSONAL JURISIDICTION OVER EXCEL

**A.    The Court Lacks General Jurisdiction Over Excel**

It is undisputed that Excel is not an Ohio resident. (*See* Excel's MTD at PageID #284 and accompanying Matus Decl.; Plaintiffs' Opp. at PageID #481.) Ohio does not recognize general jurisdiction over nonresident defendants. *See Conn v. Zakharov*, 667 F.3d 705, 717 (6th Cir. 2012). Plaintiffs do not cite any law contradicting *Conn*, which ends the general jurisdiction question.

Moreover, *Conn* and Ohio law are consistent with the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014), which confirmed that general jurisdiction exists where a defendant is "at home"—its principal place of business or, for LLCs, where its members are residents. *See also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011). Plaintiffs make the novel claim that this line of Supreme Court cases should be read to somehow expand general jurisdiction. They cite no case law to support that view. (Plaintiffs' Opp. at PageID#481.)[2]  The Court does not have general jurisdiction over Excel.

---

[2]  Plaintiffs also claim that this case is like the "exceptional case" cited in *Daimler*, where the Supreme Court did not completely foreclose the possibility that, in extraordinary circumstances, there could be general jurisdiction in a location other than the principal place of business or the state of incorporation. The Supreme Court's example was a company that had to move its operations from the Philippines to the United States due to World War II. For the period during the war, the company was subject to general jurisdiction in the state to which it relocated because it essentially had moved its principal place of business to that state. *Daimler*, 134 S. Ct. at 761, n. 19 (*discussing Perkins v. Benguet Consol. Mining Co.*, 72 S. Ct. 413 (1952)). Circumstances like that do not exist here.

B.    **The Court Lacks Specific Jurisdiction Over Excel**

Plaintiffs' attempts to establish specific jurisdiction are likewise unavailing. The Supreme Court is clear that specific jurisdiction exists only where the defendant's conduct giving rise to the lawsuit occurs in, or is directed to, the forum state. *Bristol-Myers Squibb Co. v. Superior Court of Calif., San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017), *citing Goodyear*, 131 S. Ct. at 2851. Where there is no connection between the defendant's conduct in the forum and the underlying controversy at issue "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities." *Id*. This is consistent with Ohio's Long-Arm Statute. *See* Ohio Rev. Code § 2307.382(C) ("only a cause of action arising from acts enumerated in this section may be asserted against" a defendant in Ohio).

Plaintiffs' Amended Complaint utterly fails to make this necessary showing. (*See* Excel MTD at PageID #285-87.) Recognizing this failure, Plaintiffs offer a declaration from Plaintiff Baker (Plaintiffs' Opp. at PageID #489-90, the "Baker Decl.") containing assertions that have nothing whatsoever to do with the claims made in this lawsuit, to wit: (i) that Excel represents three Cleveland Cavalier players; (ii) that Excel's founder went to college in Ohio and serves on that college's "Corporate Athletic Board"; (iii) that an Excel partner "sits on the Greater Cleveland Sports Commission"; and (iv) that Excel employs an Ohio resident as an advisor. (*See* Baker Decl. ¶¶ 5-9.)

Ms. Baker's declaration should be disregarded by the Court, first, because she offers no plausible foundation explaining how she has "personal knowledge" of the statements in her declaration (which are, at best, hearsay) or is competent to testify to these alleged facts. But second, even if everything she said were accurate, none of it relates to the claims in the Amended Complaint. Neither the Amended Complaint, nor Plaintiffs' Opposition, nor Ms. Baker's

declaration state one action related to Plaintiffs' claims that Excel took in Ohio, or that was directed at Ohio. The only thing connecting this lawsuit to Ohio is Plaintiffs' residence. That is insufficient for the Court to exercise specific jurisdiction over Excel. Plaintiffs' analysis of the long-arm statute and due process law does not fix that fundamental problem.

### 1.     There is No Jurisdiction Over Excel Under Ohio's Long-Arm Statute

While Plaintiffs' Amended Complaint fails to plead which section of the Ohio long-arm statute provides the basis for jurisdiction over Excel, Plaintiffs now contend that jurisdiction over Excel is conferred because Excel has transacted business in Ohio. (*See* Plaintiffs' Opp. at PageID #478-80 (*citing* Ohio Rev. Code § 2307.382(A)(1)).) Courts have identified a two-step analysis to help determine whether an out-of-state defendant has "transacted business" within the meaning of Ohio's long-arm statute. First, the court will look at whether the out-of-state defendant initiated the business dealing, or "reached out" to plaintiff in the forum state. *See Paglioni & Assocs., Inc. v. WinnerComm, Inc.*, 2:06-cv-00276, 2007 WL 852055, *9 (S.D. Ohio Mar. 16, 2007); *Shaker Constr. Grp., LLC v. Schilling*, 1:08cv278, 2008 WL 4346777, *3 (S.D. Ohio, Sept. 18, 2008). Second, courts will look at whether the parties conducted their negotiations or discussions in the forum state or with terms affecting the forum state. *Id*. In addition to these two factors, the plaintiff is still required to establish a substantial connection between the plaintiff and the forum state. *Id*.

Here, Plaintiffs attempt to establish that Excel "transacted business" in Ohio by contending "that Defendant Excel has reached out to Ohio residents to establish business relationships." (Plaintiffs' Opp. at PageID #479, *citing Shaker*, *supra*.)[3] Thus, Plaintiff apparently argues that

---

[3]   While Plaintiffs claim that their Amended Complaint and the Baker Declaration "clearly establish that Defendant Excel has reached out to Ohio residents to establish business relationships," Excel is left to guess what allegations Plaintiffs are referring to, as no citations to either the Amended Complaint or the Baker Declaration are provided to support such claim. (*See* Plaintiffs' Opp. at PageID #479.)

Excel's representation of three professional basketball players now playing in Cleveland (*see* Baker Decl. ¶¶ 6-7) somehow permits the Court to confer personal jurisdiction over Excel in the completely unrelated matters brought before the Court in Plaintiffs' Amended Complaint. This interpretation of the rule set out above is simply incorrect.

Plaintiff does not contend, as it must, that Excel *reached out to Plaintiffs* in connection with the alleged business dealings forming the basis of Plaintiffs' claim herein. *See*, *e.g.*, *McMunigal v. Bloch*, 1:09CV01674, 2010 WL 2106186, *4 (N.D. Ohio May 25, 2010) (in finding that the plaintiff had failed to establish the first factor in determining whether a defendant has "transacted business," the court stated that "it is clear that Defendant did not initiate the dealing, or 'reach out' to the forum state to create a business relationship … [h]ere it was Plaintiff who initially approached Defendant"); *Shaker*, 2008 WL 4346777, at *3 (finding that the plaintiff failed to allege that the defendant initiated the negotiations between them); *Paglioni*, 2007 WL 852055, at *9 (finding that the plaintiff failed to demonstrate who initiated the business dealings between plaintiff and defendant). Plaintiffs do not point to any allegation in the Amended Complaint or in the Baker Decl. that demonstrates that Excel reached out to them in connection with their allegations herein.[4]  In fact, as Plaintiffs specifically allege, it was Ms. Baker who came to New York City to meet with Excel and it was at that meeting wherein Plaintiffs and Excel allegedly entered into an agreement for Excel to represent them. (Am. Compl. ¶¶ 18, 106.)  Moreover, in their opposition to the instant motion, Plaintiffs in fact acknowledge that "Excel was introduced to

---

[4]  For that matter, while the Baker Declaration does allege that Excel currently represents three Cleveland Cavalier players, it does not describe how those relationships were initiated, *i.e.*, whether the players reached out to Excel or whether Excel reached out to the players. (*See* Baker Decl. ¶¶ 6-7.)

Plaintiffs' project." (Plaintiffs' Opp. at PageID #485.) Thus, Plaintiffs have not satisfied the first factor of the "transacting business" analysis.

Although they do not raise the second factor in their opposition papers, it is clear that Plaintiffs have not satisfied that factor either. There is no allegation that Excel visited Ohio to negotiate an agreement with Plaintiffs or for any other purpose related to the claims made by Plaintiffs herein. While there may have been emails and telephone calls between the parties, such communications are insufficient to constitute "transacting business" within the meaning of Ohio's long-arm statute. *See McMunigal*, 2010 WL 2106186.

In sum, Plaintiffs have failed to demonstrate the existence of a substantial connection between Excel and Ohio sufficient to satisfy Ohio's test for establishing that a defendant has "transacted business" within Ohio under its long-arm statute.

2.    **Exercising Jurisdiction Over Excel Violates Due Process**

Plaintiffs have also failed to satisfy the three-part test used in Ohio to determine whether a party's specific jurisdiction is consistent with due process. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996), *citing Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968). The failure to meet any one of the prongs of this test means that a court may not invoke personal jurisdiction. *Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 983 (6th Cir. 1992). Plaintiffs have satisfied none of these criteria.

First, Plaintiffs have failed to establish the "purposeful availment" prong to the three-part test for specific jurisdiction. Plaintiffs' argument that "Excel participated in extensive and ongoing contacts, negotiations, and planning by repeated telephone and email communications with Plaintiffs in Ohio "is simply not sufficient to establish "purposeful availment." (*See* Plaintiffs'

Opp. at PageID #485.[5])   As alleged by Plaintiffs, Plaintiffs and Excel were introduced by co-defendant BenSalz and met in New York City at Excel's offices in December 2011, at which time they allegedly entered into an oral contract for Excel to act as Plaintiffs' agent. (*See* Am. Compl. ¶¶18, 19; Excel MTD at PageID #286-87.) Plaintiffs also allege that Excel is "a licensed New York talent agent" which was hired to find funding for Plaintiffs' project and introduce Plaintiffs to major Hollywood studios and talent. (Am. Compl. ¶¶ 33, 116, 134; Excel MTD at PageID #286-87.) Plaintiffs do not allege that any of Excel's job functions were to take place in Ohio or that Excel ever entered Ohio to conduct business with Plaintiffs. *Id*. Where, as here, a defendant's only connection to Ohio is the plaintiff's location, there is insufficient contact to confer personal jurisdiction on the defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

Plaintiffs' assertions of Excel's "repeated telephone and email communications with Plaintiffs" are similarly insufficient to subject Excel to the jurisdiction of Ohio. *See LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1301 (6th Cir. 1989) (finding telephone calls and letters insufficient to open up foreign defendant to liability in forum state). *Ohio Nat'l Life Assur. Corp. v. Shippy*, No. 1:06cv110, 2007 WL 490169, at *4 (S.D. Ohio Feb. 9, 2007) (same).

Plaintiffs' reliance on *Cole v. Mileti*, 133 F.3d 433 (6th Cir. 1998) is misplaced. (*See* Plaintiffs' Opp. at PageID #484-85.) In *Cole*, the plaintiff and defendant had been business associates for decades. *Cole*, 133 F.3d at 435. The plaintiff had (i) purchased an interest in a film distribution company organized by defendant, (ii) loaned that company a significant amount of money, and (iii) became an officer and director of that company. *Id*. After the film venture failed,

---

[5]  Plaintiffs also claim that "Excel's ongoing representation of Ohio sports stars also purposefully availed itself of acting in Ohio. (*Id*. at PageID #485-86.) As stated above, any such alleged representations are completely irrelevant to the claims made by Plaintiffs in this action and thus are not suit-related and do not support their specific jurisdiction argument.

defendant agreed to buy plaintiff's interest in the company and assume plaintiff's loan indebtedness. *Id*. When the defendant defaulted on the loan payments and the lender sought damages from plaintiff, plaintiff sued defendant. *Id*.

Here, as opposed to the facts of *Cole*, there are no allegations of a pre-existing business relationship between Excel and Plaintiffs. The parties were introduced by BenSalz and met for the first time in New York City in December 2011. (Am. Compl. ¶¶ 14, 18.) There was no extensive business relationship between Excel and Plaintiffs as there was in *Cole*. In *Matrix Essentials, Inc. v. Harmon Stores, Inc.*, 205 F. Supp. 2d 779, 789 (N.D. Ohio 2001), a plaintiff attempted to use *Cole* similarly to support an attempt to show personal jurisdiction. *Id*. The *Matrix* court, however, soundly rejected this attempt, finding that "there was no indication that any sort of business relationship between [plaintiff] and [defendant] ever existed, let alone one as extensive as that in *Cole*." *Id*.

*Cole* is also distinguishable because in that case, the alleged contract was negotiated and executed through telephone calls and letters between the nonresident defendant and the Ohio resident. *Cole*, 133 F.3d at 435. In the instant case, the alleged oral contract between Plaintiffs and Excel was negotiated and agreed to at the December 2011 meeting in New York City. (Am. Compl. ¶¶ 18-19, 106.) In any event, the law is clear that the existence of a contract with a citizen of the forum state, standing alone, is insufficient to confer personal jurisdiction over that foreign defendant. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 482 (6th Cir. 2003).[6]

---

[6] *The Andersons, Inc. v. Demrex Indus. Serv. Grp., LLC*, 590 F. Supp. 2d 963 (N.D. Ohio 2008), also cited favorably by Plaintiffs in support of their "purposeful availment" argument, is similarly distinguishable. In *The Andersons*, the parties not only negotiated their contract via telephone and email, the defendant in that case actually went to Ohio to conduct negotiations in person. 590 F. Supp. 2d at 965, 969. Additionally, the contract in *The Andersons* required both the individual and corporate defendants to make payments to the plaintiff in Ohio, and that the individual defendant report his personal finances to an Ohio-based company, which would likely have alerted him to

While Plaintiffs' failure to demonstrate that Excel has purposefully availed itself of the privilege of acting in Ohio is sufficient enough to defeat Plaintiffs' attempt to have specific jurisdiction conferred on Excel, Plaintiffs have failed in their showing on the second and third prongs of this jurisdictional test as well.

With respect to the second prong, Plaintiffs have failed to demonstrate that their claims arise from Excel's forum-related activities. In addressing this prong, Plaintiffs offer one sentence, claiming that their decision to "partner[] with Excel as their agents and manager" "was a direct and proximate result of … Excel's active targeting of Plaintiff and Ohio 'sports superstars.'" (Plaintiffs' Opp. at PageID #486.) To put it another way, Plaintiffs are apparently claiming that Excel's representation of three professional athletes presently working in Ohio somehow convinced, or "coerced", Plaintiffs into entering into a contract with Excel to represent Plaintiffs in connection with a film project. However, such fortuitous or attenuated contacts are wholly insufficient to hale a defendant into a jurisdiction without "fair warning." *See Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174, 2182 (1985).

Plaintiffs fare no better with their attempts to demonstrate that there is a substantial enough connection between Excel and Ohio to make it reasonable for the Court to exercise jurisdiction over Excel here. Plaintiffs have not demonstrated any connection between Excel and Ohio relating to their claims other than telephone calls and emails, which, as stated above, are insufficient to confer such jurisdiction. *See supra* at 7. Once again, Plaintiffs' attempts to suggest that the fact that Excel has an advisor, who lives in Ohio with absolutely no connection to the claims asserted

---

the possibility of a suit if there was a default. *Id.* at 969. Finally, the court in *The Andersons* found that it was the defendant which had initiated the business relationship at issue with the plaintiff. *Id.*

herein, is enough to demonstrate a substantial enough connection between Excel and Ohio is groundless. (*See* Plaintiffs' Opp. at PageID #487.)

In sum, Plaintiffs have failed entirely in their attempts to show that this Court has personal jurisdiction over Excel, whether through Ohio's long-arm statute, or consistent with due process, either by general or specific jurisdiction. For these reasons, and for the reasons set forth in Excel's MTD, Plaintiffs' Amended Complaint should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## II.

### PLAINTIFFS HAVE WAIVED THEIR RIGHT TO RESPOND TO THE SUBSTANTIVE ARGUMENTS MADE IN EXCEL'S MTD; A SECOND AMENDMENT TO THEIR COMPLAINT WOULD BE FUTILE

In addition to its argument that Fed. R. Civ. P. 12(b)(2) bars Plaintiffs' claims here against Excel for lack of jurisdiction, Excel's MTD seeks dismissal of each of Plaintiffs' claims against Excel for failing to state a claim under Fed. R. Civ. P. 12(b)(6), and because the statutes of limitations have run. Plaintiffs fail even to address these arguments, and instead simply assert that they will seek leave to amend their complaint at some point, which, they claim, will render the remainder of Excel's MTD moot. (*See* Plaintiffs' Opp. at PageID #487-88.)

However, whether Plaintiffs intend to seek leave to amend their complaint again in the future does not relieve them of their obligation to respond to Excel's presently pending motion to dismiss. "In the Sixth Circuit, a plaintiff abandons [its] claims when [it] fails to address it in response to a dispositive motion." *Dickson v. Gen. Elec. Co.*, 4:15cv353, 2015 WL 1530660, at *1 (N.D. Ohio Apr. 6, 2015), *citing Brown v. VHS of Michigan, Inc.*, 545 Fed. App'x. 368, 371 (6th Cir. 2013). Plaintiffs' failure to do so here is a waiver, preventing them from raising any arguments in the future, and an abandonment of their claims. *See Mullins v. Cyranek*, 1:12CV384, 2014 WL

10

3573565 at *5 (S.D. Ohio July 21, 2014) (failure to oppose dismissal of claims constitutes waiver of plaintiff's claims); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. App'x. 409, 412 (6th Cir. 2013) (plaintiff's failure to address that portion of defendant's motion to dismiss based upon lack of standing constituted waiver of the argument).

Additionally, any amendment would be futile at the very least with respect to Excel's statute of limitations defenses, since such attempts would require wholesale contradictions to what is contained in Plaintiffs' current complaint and could call into question whether Plaintiffs' initial complaints were filed in violation of Fed. R. Civ. P. 11(b). *See ABS Indus., Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed. App'x. 994, 1003 (6th Cir. 2009).

For all of these reasons, Plaintiffs' failure to respond to the substantive arguments made in Excel's MTD should be deemed an abandonment of their claims in this action and Excel's MTD should be granted in all respects.

## III.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' claims should be dismissed with prejudice.

Dated:        May 6, 2019

Respectfully submitted,

*/s/ Aaron M. Herzig*
Aaron M. Herzig (0079371)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com

Mitchell Schuster (admitted *pro hac vice*)
Thomas L. Friedman (admitted *pro hac vice*)
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
Phone: (212) 655-3500
Fax: (646) 539-3653
ms@msf-law.com
tlf@msf-law.com

*Counsel for Defendant*
*Excel Sports Management LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed on this 6th day of

May using the Court's ECF system, which will provide notice of the filing to all counsel of

record.

*/s/ Aaron M. Herzig*