IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA BAKER, et al., | : | Case No.: 1:18-cv-00757 |
| | : | |
| Plaintiffs | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | **DEFENDANT EXCEL SPORTS** |
| BENSALZ PRODUCTIONS LLC, et al., | : | **MANAGEMENT LLC'S** |
| | : | **OPPOSITION TO PLAINTIFFS'** |
| Defendants. | : | **MOTION FOR LEAVE TO FILE** |
| | : | **SECOND AMENDED COMPLAINT** |
| | : | **AND ADD ADDITIONAL PARTIES** |

## INTRODUCTION

Plaintiffs claim that they should be allowed to amend their complaint "[b]ased on additional facts and information discovered during the pendency of this litigation." (Mot. to Amend, Doc. 40 at PageID #544.)[1] That notion is hard to credit. The events at issue here occurred, if at all, between October 2011 and October 2012. (*See generally* Compl., Doc. 1; First Am. Compl., Doc. 2 at ¶¶ 39-59, 60, 64.) The "new" allegations in the proposed Second Amended Complaint are not new. They were within Plaintiff Baker's knowledge when she first sued nearly a year ago. And they have been known for the better part of a decade. There has been no discovery in this case, and no explanation in the Motion to Amend about how any of the information was "discovered" in the last year. The Court should demand more from Plaintiffs before granting the Motion to Amend on that flimsy basis.

The Motion also should be denied because it is futile. Plaintiffs offer no new allegations to cure the lack of personal jurisdiction over Defendant Excel Sports Management LLC ("Excel") or its member and officer, Casey Close, a proposed new party. Moreover, Defendants are prejudiced.

---

[1] Plaintiffs did not confer with Defendants before filing their motion to amend the complaint ("Motion to Amend").

Plaintiffs said not one word about Defendants' statute of limitations or failure to state a claim arguments during the briefing on Excel's pending motion to dismiss ("Motion to Dismiss"). They had their chance to convince this Court that their claims are viable, and they did not even try. There is no reason to think that they will do so now.

## LAW AND ARGUMENT

A Court has discretion to deny a motion for leave to amend where there is undue prejudice to the opposing party, a delay in filing the motion, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, or where the proposed amendment is an exercise in futility. *See, e.g.*, *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001); *Mahdy v. Mason City Sch. Dist.*, No. 1:16-cv-0845, 2017 WL 25504, *2 (S.D. Ohio Jan. 3, 2017).

### A.   Plaintiffs' Motion to Amend Is Futile

Plaintiffs' Motion to Amend should be denied because it is an exercise in futility. First, while Plaintiffs claim that their proposed Second Amended Complaint adds additional parties and clarifies certain claims "[b]ased on additional facts and information discovered during the pendency of this litigation," they do not explain what "additional facts and information" they have discovered, nor how they discovered such additional facts and information "during the pendency of this litigation." A motion for leave to amend a complaint must articulate the theories in support of the proposed amendment. *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004).[2]

---

[2] Plaintiffs' Motion to Amend does not explain why proposed new defendant Casey Close should be added to this action personally. Plaintiffs' prior complaints as well as their proposed Second Amended Complaint all make clear that any purported actions taken by Mr. Close in connection with Plaintiffs' claims were taken as a representative of Excel. It is apparent that Plaintiffs merely seek to add Mr. Close to this action for harassment purposes and such behavior should not be countenanced.

Here, Plaintiffs' Motion to Amend fails to explain how their proposed amendment would cure their deficient First Amended Complaint. For instance, Excel's pending Motion to Dismiss seeks, *inter alia*, dismissal based on lack of personal jurisdiction. Nothing in Plaintiffs' Motion to Amend or in their proposed Second Amended Complaint changes the arguments made in Excel's Motion to Dismiss in connection with this jurisdictional issue. If the Court determines that no personal jurisdiction exists as to Excel, Plaintiffs' First Amended Complaint should be dismissed based on the briefing in connection with Excel's Motion to Dismiss, as anything contained in the proposed Second Amended Complaint will not change such determination and Excel will avoid the time and expense of having to prepare another motion to dismiss addressing the Second Amended Complaint. (The same would hold true for Casey Close.)

Similarly, as addressed in Excel's Motion to Dismiss, Plaintiffs' proposed Second Amended Complaint would be futile due to the expiration of the applicable statutes of limitations. Just as in their First Amended Complaint, the claims against Excel arise from alleged actions and events that took place almost exclusively in 2011 and 2012, which would make all of Plaintiffs' claims against Excel in the proposed Second Amended Complaint time-barred.

To the extent that the claims contained in Plaintiffs' proposed Second Amended Complaint attempt to implicate Excel (or Casey Close) for alleged actions taken subsequent to October 2012, this proposed new pleading fails in the same way Plaintiffs' prior pleading failed. Plaintiffs seem to believe that adding the vague date "2016" in a few places is sufficient to plausibly plead that events occurred sometime in that year. But none of Plaintiffs' allegations contain even one specific allegation of an act taken by Excel (or by Casey Close) after the termination of the parties' alleged relationship in October 2012. *See generally* Proposed Second Amended Complaint ¶¶ 169-205.

It is remains clear that this Court does not have personal jurisdiction over Excel (or Casey Close), and the claims against Excel (and Casey Close) are time-barred. Thus, Plaintiffs' Motion to Amend should be denied as futile.

### B. Plaintiffs Abandoned Their Claims by Not Addressing Them in Connection with Excel's Motion to Dismiss

In their opposition to Excel's Motion to Dismiss, Plaintiffs chose to address only the jurisdictional issues. "In the Sixth Circuit, a plaintiff abandons [its] claim when [it] fails to address it in response to a dispositive motion." *Dickson v. Gen. Elec. Co.*, No. 4:15cv353, 2015 WL 1530660, at *1 (N.D. Ohio Apr. 6, 2015), *citing Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 371 (6th Cir. 2013). Plaintiffs' failure to address Defendants' defenses was a waiver, preventing them from raising arguments in the future, and an abandonment of their claims. *See Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573565 at *5 (S.D. Ohio July 21, 2014) (failure to oppose dismissal of claims constitutes waiver of plaintiff's claims); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. Appx. 409, 412 (6th Cir. 2013) (plaintiff's failure to address that portion of defendant's motion to dismiss based upon lack of standing constituted waiver of the argument). By failing to address Excel's arguments supporting dismissal of Plaintiffs' claims in their opposition to Excel's Motion to Dismiss, and failing to seek leave to amend its claims at that time, Plaintiffs have waived the right to amend their claims now and their Motion to Amend should be denied in its entirety.

### C. Plaintiffs' Motion to Amend Should Be Denied Due to Their Delay in Filing Their Motion

More than six months ago, in opposition to Excel's Motion to Dismiss, Plaintiffs stated that they would "presently seek leave of the Court to amend their Complaint a second time." (*See* Plaintiffs' Opp., Doc. 28 at PageID #487-88.) Despite this statement, Plaintiffs failed to mention

4

anything about a new amended complaint or additional parties when Magistrate Judge Litkovitz held a telephone conference on July 25, 2019. Nevertheless, by motion dated August 14, 2019, Plaintiffs moved for an order seeking to stay proceedings and giving them until September 4, 2019 to file a motion to amend the Complaint and add additional parties. (Doc. 38.) No motion to amend was filed by Plaintiffs on September 4, 2019. Instead, Plaintiffs filed their Motion to Amend on October 9, 2019.

While Plaintiffs commenced this action *pro se*, they have been represented by counsel in this matter since March 2019. Plaintiffs represented in April 2019 that they intended to make a motion to amend their complaint but waited until October 2019 to do so. That is untenable. The Court should deny Plaintiffs' motion to amend as untimely.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Amend should be denied. The Court should consider Defendants' pending motions to dismiss and dismiss this case accordingly.

Dated:          October 30, 2019

                                    Respectfully submitted,

                                    */s/ Aaron M. Herzig*
                                    Aaron M. Herzig (0079371)
                                    TAFT STETTINIUS & HOLLISTER LLP
                                    425 Walnut Street, Suite 1800
                                    Cincinnati, OH 45202-3957
                                    Phone: (513) 381-2838
                                    Fax: (513) 381-0205
                                    aherzig@taftlaw.com

                                    OF COUNSEL:

                                    Mitchell Schuster (admitted *pro hac vice*)
                                    Thomas L. Friedman (admitted *pro hac vice*)
                                    MEISTER SEELIG & FEIN LLP
                                    125 Park Avenue, 7th Floor
                                    New York, NY 10017

Phone: (212) 655-3500
Fax: (646) 539-3653
ms@msf-law.com
tlf@msf-law.com

*Counsel for Defendant*
*Excel Sports Management LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing was filed on this 30th day of October 2019, using the Court's ECF system, which will provide notice of the filing to all counsel of record.

*/s/ Aaron M. Herzig*