IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BELINDA BAKER, et al., | : | Case No.: 1:18-cv-00757 |
| | : | |
| Plaintiffs | : | Judge Douglas R. Cole |
| | : | |
| v. | : | **DEFENDANT EXCEL SPORTS** |
| | : | **MANAGEMENT LLC'S OPPOSITION** |
| | : | **TO PLAINTIFFS' MOTION FOR** |
| | : | **RECONSIDERATION OR MOTION TO** |
| | : | **TRANSFER VENUE IN THE** |
| | : | **ALTERNATIVE** |
| | : | |
| BENSALZ PRODUCTIONS LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## INTRODUCTION

Plaintiffs don't like the Court's decision dismissing their case for lack of personal jurisdiction, so they ask the Court for a do-over. They do not point to any new facts or law. They just want the Court to reach a different outcome.

Worse still, they ask the Court for two forms of relief (transfer of venue or jurisdictional discovery) that they did not ask for in the 16 months that this case was pending. Plaintiffs could have helped themselves whenever they wanted, but instead they waited to see how the Court would rule. Now Plaintiffs want the Court to rescue them from their own strategic choices. The law does not support their gamesmanship. This Court should deny Plaintiffs' motion for reconsideration.

## LAW AND ARGUMENT

**A. Standard of Review**

Plaintiffs move the Court to "reconsider" its decision and allow them to take "jurisdictional discovery" under Fed. R. Civ. P. 59(e) or 60(b). They do not discuss either rule or explain how their motion is proper under either rule. They merely mention them as justification for their motion

to "reconsider," which is not a proper motion under the Rules of Civil Procedure. And they do not cite any law suggesting that either rule supports a motion for limited discovery that is made for the first time after judgment is entered. The Court should deny Plaintiffs' motion to reopen the case to take jurisdictional discovery on that basis alone.

In the event the Court indulges Plaintiffs' gambit, Defendant Excel Sports Management, LLC ("Excel") does its best here to infer what Plaintiffs are arguing. It appears that Plaintiffs are claiming relief under Rule 60(b)(6), which allows for relief from judgment for "any other reason that justifies relief." They cite no other subsection of the Rule, and it does not appear that any other subsection would fit Plaintiffs' request. Relief under Rule 60(b) is circumscribed due to the public policy favoring finality of judgments and termination of litigation. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal citations omitted). *See also Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (stating that "[r]elief under Rule 60(b) is the exception, not the rule …"). "This is especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Ford Motor Co.*, 487 F.3d at 468, quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Plaintiffs' alternative request that this case be transferred to the United States District Court for the Southern District of New York is brought pursuant to 28 U.S.C. §§1406 and 1631. Plaintiffs seek transfer under the provision in both statutes claiming that it would be "in the interests of justice" to do so. The decision of whether to dismiss or transfer is within the district court's sound discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998); *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. App'x 468, 472 (6th Cir. 2012).

### B.     Plaintiffs' Request for Limited Discovery Should Be Denied.

Plaintiffs ask the Court to permit them to take "limited jurisdictional discovery" on the issue of personal jurisdiction over Defendants. (Doc. 55 at PageID #677-78.) Plaintiffs do not explain why they did not make this request before. Nor do they explain how it would help them now. Plaintiffs have filed two complaints (and sought to file a third) and claimed each time that they had sufficient facts to support jurisdiction. They do not explain how a fourth bite at the apple will be fruitful. They also do not cite a case supporting such a request post-judgment.

Contrary to Plaintiffs' view, the Court followed the law and reached the right decision. In deciding a motion to dismiss for lack of personal jurisdiction, the court may rely "upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017), citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The court has the discretion to utilize whichever method it chooses. *See Theunissen*, 935 F.2d at 1458 (stating that "[t]he court has discretion to select which method it will follow and will only be reversed for abuse of that discretion"). As this Court stated in the Dismissal Order, a court resolving a 12(b)(2) motion without an evidentiary hearing must view the pleadings and affidavits in a light favorable to the plaintiff, but "the plaintiff may not rest on his pleadings to answer the movant's affidavits … [and] must set forth 'sufficient facts' establishing jurisdiction …" (Doc. 53 at PageID #659, citing *Serras, supra*, 875 F.2d at 1214.)

Here, in a thorough opinion, the Court determined that it does not have personal jurisdiction over the Defendants. In making this determination, the Court accepted as true the allegations contained in Plaintiffs' Amended Complaint and the declarations and affidavits submitted by the

3

parties. (Doc. 53 at PageID #659.) Guided by such principles, the Court granted the Defendants' 12(b)(2) motions and dismissed this action.

Nevertheless, Plaintiffs now, for the first time, vaguely request "limited jurisdictional discovery" which they hope "may" establish personal jurisdiction in this Court. Plaintiffs' flimsy arguments in support of such request, however, were each raised in the reconsideration motion, but have already been rejected by the Court. First, Plaintiffs argue that the Defendants' business dealings with Plaintiffs establish "some level of business with Ohio citizens." (Doc. 55 at PageID #678.) The Court rejected this argument, stating that "there is no per se rule that a contractual relationship … automatically suffice[s] to render an out-of-state defendant subject to personal jurisdiction where plaintiff resides." (Doc. 53 at PageID #668; *see also Id*. at PageID #669 (stating if "that person merely happens to live in the forum state, that is not enough").) Plaintiffs do not point to any other business that Defendants have conducted with them that might change this conclusion or require discovery.

Next, Plaintiffs argue that "the very nature of [Defendants'] industry requires that they operate on a scale that has national and even international implications." (Doc. 55 at PageID #678.) While Plaintiffs do not amplify this thought they seem to be arguing that the Defendants' national presence should require discovery to ascertain what contacts they have with Ohio. Plaintiffs, however, made this argument in opposing Defendants' dismissal motions and it was rejected by the Court. (*See* Doc. 53 at PageID #662-663 (rejecting Plaintiffs' contention that Excel is a company "that trades on national impact and 'connections'" that would somehow transform Ohio into its "home").)

Finally, while Plaintiffs make the general argument that discovery will show that the Defendants purposefully availed themselves of the laws of Ohio, the Court rejected such

4

arguments in the Dismissal Order and Plaintiffs again fail to offer any theory as to how discovery on this issue might change that ruling. (*Id*. at PageID #664-669.)

In making its determination, the Court recognized its obligation to ascertain whether Plaintiffs had made a *prima facie* showing of personal jurisdiction. (*Id*. at PageID #659-660.) The Court determined that Plaintiffs had not made such a showing. Nothing in Plaintiffs' motion suggests that the Court should disturb this ruling to permit jurisdictional discovery at this time, especially since Plaintiffs did not request such discovery until tendering this motion. *See, e.g.*, *Burgess v. Religious Tech. Ctr., Inc.*, 600 Fed App'x 657, 661 (11th Cir. 2015) (stating that "a district court does not abuse its discretion in dismissing the plaintiff's action for lack of personal jurisdiction … when the plaintiff has not diligently pursued such discovery despite the opportunity to do so.").

Plaintiffs provide the Court with no reason to reconsider its decision. They cite no change in law and no new facts. They do nothing more than wish that the Court had made a different decision. For all these reasons, Plaintiffs' motion seeking to set aside the Dismissal Order and undertake "limited jurisdictional discovery" must be denied.

**C.   Plaintiffs' Request to Transfer Venue is Untimely and Lacks Merit.**

Plaintiffs also make a post-judgment request for the Court to transfer "in the interests of justice" pursuant to 28 U.S.C. §1406(a) or §1631. Again, Plaintiffs do not cite any case supporting their request. It should be denied.

First, Plaintiffs have known since March 2019, when Excel moved to dismiss that Excel disputed personal jurisdiction. Plaintiffs and their counsel had a year to move to transfer and did nothing. Plaintiffs only first requested that the Court consider transferring this case now—after the case had been dismissed. That is too late. *See, e.g., Cosmichrome, Inc.*, 504 Fed. App'x at 472

5

(affirming denial of post-judgment request to transfer venue because plaintiff never moved to transfer below and there was no reason for the court to presume that plaintiffs wanted their case transferred). The Court should deny the transfer request on this basis alone.

But even if the Court were to consider the substance (such as it is) of Plaintiffs' request, the Court should deny it. Plaintiffs claim that transfer is warranted here because otherwise most of their claims would be time-barred. (Doc. 55 at PageID #678-681.)[1] Plaintiffs do not support their theory that their claims would survive in New York; they merely ask the Court to take their word for it. And in any event, Plaintiffs chose, incorrectly, to bring this action in this Court, and never moved to transfer it, for their own strategic reasons, even though it is crystal clear the Court lacks personal jurisdiction over the Defendants. In such a case, where a plaintiff's complete lack of diligence in choosing the venue of an action results in a dismissal, courts have declined to transfer cases despite the possible effect such a ruling may have on statute of limitations issues should the plaintiff choose to re-file in another court. *See Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009).

In *Stanifer*, the defendants moved to dismiss an action brought in Kentucky federal district court for lack of jurisdiction and venue. The district court denied a cross-motion by plaintiff to transfer and dismissed the action, stating that "[w]hether the filing of this complaint [in Kentucky] was a matter of oversight, inattention or wil[l]ful abuse of process, this Court does not know and need not determine … [Plaintiff] having misused the processes of the Court, the interests of justice are not well served by allowing Plaintiff to maintain his suit as filed." *Stanifer*, 564 F.3d at 457 (citing to district court). Thus, the district court in *Stanifer* declined to transfer the case despite the likely expiration of the statute of limitations on plaintiff's claims should he re-file in another court.

---

[1] It is worth noting that Excel had other dismissal theories that this Court did not reach, including that the claims were time-barred. Transfer would not help Plaintiffs.

6

The Sixth Circuit affirmed the district court's ruling, rejecting the plaintiff's "in the interests of justice" argument and stating that

> "[a]lthough the district court was aware of the possible expiration of the Alabama statute of limitations and took that factor into consideration, the court was within its discretion to hold that the plaintiff, having engaged in the misuse of the court's processes, should not be permitted by means of a transfer to 'resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first place.'"

*Stanifer*, 564 F.3d at 460.[2]

In making this ruling, the *Stanifer* court also cited the "substantial costs" to the defendants and court system resulting from the litigation. *Id.*

Plaintiffs rely on *Jackson v. L & F Martin Landscape*, 421 Fed. App'x 482 (6th Cir. 2009) for their position that, in a case where the statute of limitations is likely to have run, it is in the interests of justice to grant a transfer request. (Doc. 55 at PageID #679-680.) *Jackson*, however, is inapposite. In *Jackson*, the appellate court was not considering whether the district court erred by refusing to transfer a case—it determined that the district court erred by not *considering* a transfer. 421 Fed. App'x at 484. Unlike the case here, the *Jackson* plaintiff requested in its opposition to the defendant's motion to dismiss that if the court agreed that there was no personal jurisdiction, then the case be transferred to federal court in New Jersey. *Id.* at 482. The district court granted the motion to dismiss but did not determine whether it would be "in the interests of justice" to

---

[2] Plaintiffs admit that their claims "were on the cusp of their respective statutes of limitations cutoff dates" when this action was commenced. (Doc. 55 at PageID #677.) While Excel contends that most, if not all, of Plaintiffs' claims were already statute-barred at that time, either way it is not "in the interests of justice" to transfer a case under such circumstances. *See, e.g., Daros v. Tokoyo*, No. 05CV775DLIVVP, 2005 WL 1229734, *3 (E.D.N.Y. May 23, 2005) (stating that it is "not in the interest of justice for a court to indulge a plaintiff who filed on the eve of the expiration of the limitations period, in a court that plainly lacks personal jurisdiction …"); *Pedzewick v. Foe*, 963 F. Supp. 48, 52 (D. Mass. 1997) (dismissing case for lack of personal jurisdiction and denying motion to transfer, stating that the plaintiff "should not benefit from her lack of diligence" when she filed her complaint on the last day of the statute of limitations).

7

transfer. Therefore, the Sixth Circuit reversed and remanded to the district court to determine that issue. *Id*. at 484. The court did not determine whether it was "in the interests of justice" to transfer the case—it left it up to the district court to make that determination. *Jackson*, therefore, does not support Plaintiffs' position here.

It will not be "in the interests of justice" to grant Plaintiffs' motion and transfer this case. Plaintiffs made the strategic choice to sue here and decided to stick with that choice for 16 months, even after Defendants pointed out serious problems with jurisdiction. Indeed, Plaintiffs were so intent on keeping the case here that they responded only to Excel's jurisdictional arguments in the motion to dismiss papers. They did not bother to address the substantive arguments in Defendants' motions to dismiss.[3] What that means is that even if the Court had found personal jurisdiction here, it could have dismissed the action on substantive grounds for Plaintiffs' abandonment and waiver of their claims.[4]

Plaintiffs chose this Court as the forum for their case, and they stuck to their choice until the Court told them it was incorrect. Plaintiffs offer no law and no good reason that the Court should allow them to start over. The Court has done its work just as the Plaintiffs asked it to do.

---

[3] While the Court understandably denied those portions of the Defendants' motions to dismiss seeking dismissal for failure to state a claim as moot, if a "peek at the merits" of a plaintiff's claims reveals that they are not meritorious, a court "should dismiss the case rather than waste the time of another court." *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005), quoting *Phillips v. Seiter*, 173 F.3d 609, 611, 620 (7th Cir. 1999).

[4] "In the Sixth Circuit, a plaintiff abandons [its] claim when [it] fails to address it in response to a dispositive motion." *Dickson v. Gen. Elec. Co.*, No. 4:15cv353, 2015 WL 1530660, at *1 (N.D. Ohio Apr. 6, 2015), citing *Brown v. VHS of Mich., Inc.*, 545 Fed. App'x. 368, 371 (6th Cir. 2013). Plaintiffs' failure to address Defendants' defenses was a waiver, preventing them from raising arguments in the future, and an abandonment of their claims. *See Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573565 at *5 (S.D. Ohio July 21, 2014) (failure to oppose dismissal of claims constitutes waiver of plaintiff's claims); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. App'x. 409, 412 (6th Cir. 2013) (plaintiff's failure to address that portion of defendant's motion to dismiss based upon lack of standing constituted waiver of the argument).

And the Defendants have expended time and money for over 16 months in a foreign state because of Plaintiffs' choices. The "interests of justice" are in leaving in place the Court's judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration or Motion to Transfer Venue in the Alternative should be denied.

Dated:	April 24, 2020

Respectfully submitted,

*/s/ Aaron M. Herzig*
Aaron M. Herzig (0079371)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
Phone: (513) 381-2838
Fax: (513) 381-0205
aherzig@taftlaw.com

OF COUNSEL:

Mitchell Schuster (admitted *pro hac vice*)
Thomas L. Friedman (admitted *pro hac vice*)
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017
ms@msf-law.com
tlf@msf-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was filed on this 24th day of April, 2020 using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

                                                                                                 */s/ Aaron M. Herzig*