UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BELINDA BAKER, et al.,**

        Plaintiffs,                  Case No. 1:18-cv-757
                                        JUDGE DOUGLAS R. COLE

    v.

**BENSALZ PRODUCTIONS
Inc., et al.,**

        Defendants.

## OPINION AND ORDER

This cause comes before the Court on Plaintiffs' Motion For Reconsideration Or Motion To Transfer Venue In The Alternative (Doc. 55). For the reasons more fully discussed below, the Court **GRANTS** Plaintiffs' Motion and **TRANSFERS** the case to the Southern District of New York.

## BACKGROUND

Belinda Baker ("Baker"), Starborne Productions, LLC, and Starbreacher Enterprises, LLC, (collectively "Plaintiffs") sued Bensalz Productions, Inc., ("BSP") and Excel Sports Management, LLC, ("Excel") (collectively "Defendants") in the Southern District of Ohio on November 5, 2018. (*See* Doc. 1). In a nutshell, Plaintiffs claim that Defendants breached certain contractual agreements with Plaintiffs, and that a BSP employee sexually assaulted Baker.[1] (*See generally* Am. Compl., Doc. 2, #141–200). Plaintiffs filed their complaint pro se, and continued litigating the case

---

[1] Because the Court already explained the facts giving rise to Plaintiffs' lawsuit in its opinion on the Defendants' motions to dismiss, (*see* Op. & Order, Doc. 53, #650–58), the Court will not recount those details here.

without counsel until April 1, 2019, when an attorney filed a notice of appearance.[2] (*See* Doc. 23). Excel and BSP each subsequently filed motions to dismiss Plaintiffs' complaint (which was now an amended complaint) under Federal Rules of Civil Procedure 12(b)(2) and (b)(6). (*See* Excel's Mot. to Dismiss, Doc. 15; BSP's Mot. to Dismiss, Doc. 21). They argued that this Court lacked personal jurisdiction over them, and that Plaintiffs' complaint failed to state a claim. This Court agreed that it lacked personal jurisdiction over the Defendants, and thus did not opine on whether the amended complaint stated a claim. (*See* Op. & Order, Doc. 53, #658). Accordingly, the Court dismissed Plaintiffs' amended complaint without prejudice. (*See id.* at #674).

Plaintiffs then filed this Motion, asking the Court to reconsider its Order dismissing the case and instead take one of two alternative courses of action. First, Plaintiffs ask the Court to conduct jurisdictional discovery to determine if personal jurisdiction exists. (*See* Mot. for Recons. or Mot. to Transfer Venue in Alt. ("Mot. for Recons."), Doc. 55, #677–78). In the alternative, Plaintiffs request that the Court transfer the case pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631 to what they contend is a clearly appropriate venue—the Southern District of New York. (*See id.* at #678–81). They argue transferring the case to New York would be in the interest of justice. (*Id.*).

Defendants oppose Plaintiffs' motion for several reasons. (*See* Memo. on Behalf of BSP in Opp'n to Pls.' Mot. for Recons. or Mot. to Transfer Venue ("BSP's Opp'n"),

---

[2] Of course, as business entities, Starborne Productions and Starbreacher Enterprises could not proceed pro se. (*See* Op. & Order at #655 n.3 (noting that "[c]orporate entities cannot appear pro se") (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984))). Because they subsequently retained counsel, the Court has not addressed that issue.

Doc. 56, #682–86; Def. Excel's Opp'n to Pls.' Mot. for Recons. or Mot. to Transfer Venue in Alt. ("Excel's Opp'n"), Doc. 57, #687–96). BSP contends that the Court should construe Plaintiffs' motion as either a Federal Rule of Civil Procedure 59(e) or 60(b) motion. (*See* BSP's Opp'n at #683–84). Either way, BSP argues, Plaintiffs fail to provide the Court any reason to reconsider its decision. Excel similarly contends Plaintiffs already raised—and the Court in turn rejected—these arguments supporting "limited jurisdictional discovery," and Plaintiffs provide no new reasons for the Court to conclude differently now. (*See* Excel's Opp'n at #690–91). Excel further argues that this Court should deny Plaintiffs' request to transfer venue as untimely. (*See id.* at #691–92). Excel essentially claims Plaintiffs waived their right to request that this Court transfer the case to a different venue by not raising the issue sooner. (*See id.* at #692–95).

As more fully set forth below, because the Court finds that Plaintiffs did not waive their right to request a transfer, and because such transfer is in the interests of justice, the Court **GRANTS** Plaintiffs' motion to transfer venue under 28 U.S.C. § 1631.

## ANALYSIS

One of the statutes on which Plaintiffs rely in support of their request for a transfer, 28 U.S.C. § 1631, provides that, if a court in a civil action finds it lacks jurisdiction, "the court *shall*, if it is in the interest of justice, transfer such action" to any other court in which the action could have been brought at the time it was filed.

(emphasis added).³ The word "shall" indicates that the action is mandatory. *See Hewitt v. Helms*, 459 U.S. 460, 471 (1983) (referring to "shall," "will," and "must" as "language of an unmistakably mandatory character"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' … normally creates an obligation impervious to judicial discretion."). Therefore, the statute requires that a district court, once it determines it lacks personal jurisdiction, consider transferring the case to a different jurisdiction if justice so requires.

In light of this statutory language, it may well be the case that a party cannot "waive" its ability to seek such a transfer. The Sixth Circuit has suggested as much, stating that "a district court is *required* to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction 'if it is in the interest of justice.'" *Woody v. Marberry*, 178 F. App'x 468, 473 (6th Cir. 2006) (emphasis added) (quoting 28 U.S.C. § 1631); *see also Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (acknowledging that "a district court has the power to sua sponte transfer a case"). This interpretation aligns with decisions by courts in other jurisdictions faced with similar facts, who refused to find a plaintiff waived their right to transfer, given § 1631's mandatory language. *See, e.g.*, *Young v. State Gov't of Okla.*, 98 F. App'x 760, 763 (10th Cir. 2004) (finding that the plaintiff did not waive

---

³ While the circuit courts are divided over whether 28 U.S.C. § 1631 refers to subject matter or personal jurisdiction, the Sixth Circuit concluded that it applies to both. *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) ("In light of § 1631 and its purpose, … the statute applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction.").

4

his right to raise the issue of transfer, but ultimately concluding the interest of justice supported denying the request).

Moreover, even if the statute does not mandate that a court sua sponte consider a transfer, but instead creates only a waivable right for a party to seek such transfer, the strong statutory language at the very least suggests that a court should not lightly impute such a waiver. *See, e.g., Young*, 98 F. App'x at 763. Here, any "waiver" would be a waiver by omission, as Plaintiffs never expressly disclaimed an interest in transfer, but merely failed to raise the issue, which hardly suggests a knowing, intelligent, and voluntary relinquishment of a right.

Furthermore, courts have also interpreted the phrase "if it is in the interest of justice" in the statute to confer discretion on a district court in deciding whether to transfer an action or instead dismiss it without prejudice. *See, e.g., id.* at 763–64 (reviewing the district court's decision for an abuse of discretion). Just as the Defendants point out, this decision is "within the district court's sound discretion." (Excel's Opp'n at #688). Thus, even if the issue of transfer is waivable and waived, it appears a court would still have discretion to consider the issue if the court deems it appropriate, which the Court does here.

For all of these reasons, the Court concludes that it can, and will, consider Plaintiffs' request for a transfer. But that only answers part of the question. The

Court must separately determine whether the requested transfer is "in the interest of justice." 28 U.S.C. § 1631. On the record here, the Court finds that it is.

Nothing in the record suggests that Plaintiffs intentionally abused the judicial process by filing their action in the Southern District of Ohio. The Plaintiffs initiated this action pro se, presumably believing that they had at least an arguable basis for jurisdiction, considering that Plaintiffs all reside in Ohio. That fact distinguishes this case from *Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009), a case on which Defendants rely. There, the district court found that the plaintiff filed suit "without having the slightest reason to believe" it could establish personal jurisdiction. *Id.* Here, by contrast, a pro se litigant might well have assumed that her residence in Ohio was sufficient to allow her to bring suit in Ohio. Beyond that, the jurisdictional question here was not straightforward—unlike in *Stanifer* then, Plaintiffs had at least some basis for believing that jurisdiction would lie. Thus, there is no reason to assume that the filing here was in bad faith.

In sum, in dismissing Plaintiffs' action for lack of jurisdiction, the Court did not intend to indirectly preclude Plaintiffs from pursuing their claims as a result of the passage of time that occurred while this case was pending in this District. Rather, the Court's point was merely that, if the claims were timely brought and have merit (topics on which the Court expresses no opinion), any further action on those claims should occur in a forum that has jurisdiction over the Defendants. A transfer under 28 U.S.C. § 1631 accomplishes that objective. Such a transfer moves this case to the

6

Southern District of New York, but otherwise leaves Plaintiffs in the same position that they would have occupied had they initially filed their suit there.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Transfer Venue (Doc. 55) and **ORDERS** the Clerk to transfer the case to the Southern District of New York.

**SO ORDERED.**

<u>April 28, 2020</u>
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**