Exhibit 3

## AGREEMENT

This constitutes the agreement (the "Agreement"), dated and effective as of November 18, 2011, by and between BenSalz Productions, LLC, having an address at 1755 York Avenue, 10G, New York, NY 10128 ("BSP"), on the one hand, and Starbreacher Enterprises LLC, having an address at 824 Oaktree Court, Lebanon, Ohio 45036 ("Company"), in connection with the feature film currently entitled "Finney the Star Breacher" ("Picture").

WHEREAS, Company hereby engages BSP as Co-Executive Producer for the Picture.

NOW, WHEREFORE, in accordance with the mutual premises set forth herein, the parties agree as follows:

1. <u>Services:</u>  The services of BSP shall include those services regularly associated with serving as a co-executive producer of a first class feature film and may include finder services as described below.

2. <u>Compensation:</u>

a) <u>Guaranteed Compensation:</u> BSP shall receive "Guaranteed Compensation" in an amount equal to five (5%) percent of the final, ingoing budget fo the Picture, which shall be payable to BSP not later than the commencement of principal photography of the Picture.

b) <u>Finder Compensation:</u> If BSP seeks and secures financing for the Picture which results in Company entering into an agreement with a financier to invest in, lend for, finance or provide quantifiable in-kind services in connection with the Picture, in any amount, conditioned upon receipt of such funds or delivery of such services, BSP shall be entitled to a finder's fee, calculated as ten percent (10%) of the total amount of the financing invested or the reasonable financial value of in-kind services provided by any financier whether in cash or in-kind.

c) <u>Contingent Compensation:</u> BSP shall receive 5% of 100% of the Picture's "Net Proceeds" defined on a most favored nations basis with the producer and director of the Picture.

3. <u>Credit:</u>  BSP shall receive credit as Co-Executive Producer on screen, in the main titles, and in paid ads, placement and size of credit to be on a not less favorable basis that any other Co-Executive Producer.  BSP shall be accorded its credit in any excluded ads in which any other Co-Executive Producer receives credit in connection with the Picture.  Michael C. Skouras shall receive credit as Co-[Executive]Producer, on screen, in the main titles, and in paid ads under the control of Company, placement and size of credit to be on a not less favorable basis that any other Co-[Executive] Producer.  Richard Bennett and Eric Salzman shall receive credit as Executive Producers, on screen, in the main titles, and in paid ads under the control of Company.  The size and

{00744636; 2}

placement of such credits shall be on a not less favorable basis than that accorded to any other Executive Producers.

4. Breach of Agreement: In the event of any breach by Company of this Agreement, BSP shall be limited to its remedies at law, if any, and shall not have the right to equitable relief nor have the right to terminate or rescind this Agreement or to enjoin or restrain the exploitation of the Picture.

5. Work for Hire: All of BSP's services provided under this Agreement and all of the results and proceeds of those services (the "Results") shall be deemed to be a work for hire within the meaning of the U.S. Copyright Act. This includes any and all products or services created by BSP for Company, or specially commissioned by Company and Company shall be considered the sole owner of the Results for all purposes. In the event the Results are not deemed a work for hire for Company, then BSP hereby irrevocably assigns the Results to Company, throughout the universe in perpetuity and without limitation.

6. Assignment: Company may assign this Agreement and all the rights granted hereunder to a studio, distributor or other financially responsible third-party provided that the assignee assumes all of Company's obligations under this Agreement in writing.

7. Sequels/Prequels/Remakes: Should Company or any affiliate, successor, licensee or assign elect to produce a prequel, sequel, remake or television program or series based upon the Picture, BSP shall be attached as Executive Producer and Mike Skouras shall be attached as Producer on terms to be negotiated in good faith between the parties.

8. Accounting and Audit Rights: Company shall render to BSP, on a semi-annual basis, a written statement of monies due BSP hereunder ("Accounting Statement"), and such Accounting Statement shall be accompanied by remittance of any amount shown to be due to BSP thereon. Each Accounting Statement shall be rendered within sixty (60) days following the end of each accounting period. Company shall also keep at its main offices complete, detailed and accurate books of account and records relating to the production, distribution and exhibition of the Picture ("Records"), and BSP may, at its own expense, audit the applicable Records in order to verify earnings statements rendered. Any audit shall be conducted only by a reputable public accountant and on not less than thirty (30) days notice. If any audit reveals that BSP has been underpaid by 5% or more, then in addition to the payment of the underpaid portion, Company shall also be responsible for all reasonable costs, expenses and fees associates with such audit.

9. DVD: Company shall provide BSP with ten (10) copies of the DVD and Blu Ray versions of the Picture when commercially available.

10. **Theatrical Release/Premiere:** In the event the Picture is theatrically distributed, then for the initial United States celebrity premiere of the Picture, Company shall provide BSP with six (6) round trip airfares, accommodations for six (6) persons and twelve (12) tickets to the United States celebrity premiere, on a no less favorable basis with other producers of the Picture.

11. **Miscellaneous:** This Agreement shall be governed by the laws of the State of New York applicable to agreements executed and wholly performed therein and all parties hereby consent to the jurisdiction of the courts of said State in the event of any dispute hereunder. This Agreement shall not be modified except by a written document executed by both parties hereto. The paragraph headings used herein are for the convenience of the parties only and shall have no legal effect whatsoever.

12. **Entire Agreement:** This Agreement contains the full and complete understanding between the parties with reference to the within subject matter, supersedes all prior agreements and understandings whether written or oral pertaining thereto, and cannot be modified except by a written instrument signed by each party. BSP acknowledge that in entering into this Agreement BSP has not relied upon any representation or promise not expressly contained herein. This Agreement may be executed in one or more counterparts which taken together shall constitute one and the same Agreement. Facsimile or scanned signatures shall be deemed to be original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

STARBREACHER ENTERPRISES LLC

By: *Belinda R Baker*

Its: *President/CEO*
December 1, 2011

BENSALZ PRODUCTIONS, LLC

By: *[signature]*

Its: *Partner*
December 1, 2011

{00744636; 2}