UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____          │
│ DATE FILED: 9/20/21             │
└─────────────────────────────────┘
```

Belinda Baker, et al.,

                Plaintiffs,

        –v–

Bensalz Productions, Inc., et al.,

              Defendants.

20-cv-3342 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On May 31, 2021, Plaintiffs Belinda Baker, Starborne Productions, LLC, and

Starbreacher Enterprises, LLC, moved to amend their Second Amended Complaint and to file a

proposed Third Amended Complaint. Dkt. No. 151. The Defendants oppose that motion. For

the reasons that follow, the motion is GRANTED.

## I.    Background

This case was initiated in November 2018 in the United States District Court for the

Southern District of Ohio. Dkt. No. 1. In December 2018, Plaintiffs amended their complaint.

Dkt. No. 2. The Defendants moved to dismiss, and in January 2020 the District Court for the

Southern District of Ohio agreed with the Defendants that the Court lacked personal jurisdiction

over them. That court subsequently transferred the action to the Southern District of New York

on April 29, 2020.

After the case was transferred, the Defendants renewed their motions to dismiss, and

Plaintiffs were given an opportunity to amend the First Amended Complaint. On October 8,

2020, Plaintiffs filed the Second Amended Complaint. Dkt. No. 107. In March 2021, Plaintiffs'

prior attorney notified the Court that he would seek leave to be relieved as counsel for the Plaintiffs. On March 4, 2021, new counsel entered an appearance. Dkt. No. 146. Several months later, Plaintiffs filed the present motion to amend. Dkt. No. 151. That motion is fully briefed. *See* Dkt. Nos. 157, 158, 162, 164.

## II.    Legal Standard

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court "should freely give leave" to amend the Complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend is within the discretion of the trial court, but should be granted only when factors such as undue delay or undue prejudice to the opposing party are absent." *Spratt v. Verizon Comms. Inc.*, No. 11-cv-0273 (AJN), 2012 WL 6629102, at *2 (S.D.N.Y. Dec. 20, 2012) (citing *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004). "Where, as here, a scheduling order governs amendments to the complaint, 'the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (citations omitted). The good cause determination turns on the "diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Generally, however, the purpose of Rule 16(b) is to provide district courts "discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). This analysis is governed by the "strong preference" in this Circuit "for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation omitted).

A motion to file an amended complaint may also be denied if the amendments would be futile—that is, if the newly amended complaint "would fail to state a claim on which relief could be granted" under Rule 12(b)(6). *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012). Under that standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "consider[s] the legal sufficiency of [the] complaint, taking its factual allegations to be true[,] and drawing all reasonable inferences in [Plaintiff]'s favor." *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany*, 615 F.3d 97, 114 (2d Cir. 2010).

## III.    Discussion

As discussed in the memorandum accompanying the Plaintiffs' motion to dismiss, the proposed Third Amended Complaint seeks to (1) add a claim for breach of good faith and fair dealing against Defendants Bensalz Productions LLC and Excel Sports Management; (2) amend the claims for relief as to the breach of contract, fraudulent inducement, breach of fiduciary duty, civil conspiracy, tortious interference with prospective business relations, and violations of the Victims of Gender-Motivated Violence protection Law; and (3) make other revisions to the SAC that Plaintiffs' newly retained counsel believes are appropriate. Dkt. No. 152 at 1.

Defendants' opposition to the motion hinges primarily on the claim that Plaintiffs were not diligent in seeking amendment. In particular, they point to the fact that Plaintiffs' new counsel delayed nearly three months before seeking leave to amend the complaint, and that this Court's Rule 3.F and the scheduling orders entered in this case, all of which provide a schedule for amending the Second Amended Complaint, counsel against granting this motion at this juncture. As Plaintiffs note in their reply, however, their opposition papers to Defendants'

3

motion to dismiss the Second Amended Complaint timely requested leave to amend in the event

the Court deemed the claims insufficiently pled.  Dkt. No. 131 at 31.  On prior occasions, this

Court has granted subsequent leave of a motion to file a Third Amended Complaint even if the

plaintiff did not comply with Rule 3.F on the basis that the plaintiff had requested such leave in

the opposition papers to a motion to dismiss.  *See Athale v. SinoTech Energy Ltd.*, No. 11-cv-

5831 (AJN), 2014 US Dist. LEXIS 53878, at *5 (S.D.N.Y. 2014).  That the request does not fit

the precise parameters of Rule 3.F is not dispositive of whether the delay has been undue.  In

addition, the Court agrees with the Plaintiffs that the precise circumstances of this litigation—

and in particular, the fact that new counsel entered an appearance and wishes the opportunity to

raise all relevant factual and legal claims in the TAC—warrant granting the motion.  And while

the three-month delay is not *de minimis*, nor is it sufficient to raise an inference of bad faith or

unjustified dilatory actions.  Thus, even if this motion were delayed, the Court agrees with

Plaintiffs that there is a satisfactory explanation for the delay.  *See Evans v. Syracuse City Sch.*

*Dist.*, 704 F.2d 44, 46–48 (2d Cir. 1983).

Defendants Bensalz Productions LLC and Michael Skouras argue in their opposition that

they would be prejudiced, were the motion to be granted, by the additional time, effort, and

resources that granting the motion would require them to invest in this litigation.  It is true that,

in order to gauge prejudice, courts consider whether an amendment would require the opponent

to "expend significant additional resources to conduct discovery and prepare for trial" or would

"significantly delay the resolution of the dispute."  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d

Cir. 2008) (citation omitted).  The Second Circuit has observed, however, that mere allegations

of additional time, effort, or resources to respond to a newly amended complaint typically do not

amount to the kind of "substantial prejudice" that warrants denying a motion for leave to amend.

*Block v. First Blood Associates*, 988 F.2d 344, 351 (2d Cir. 1993). Here, the Defendants fail to point to specific factors that would require them to expend significant additional resources to conduct discovery and prepare for trial. That said, the Court agrees with the Defendants that, in order to minimize the litigation costs associated with responding to the Third Amended Complaint, Plaintiffs should submit a redline of the changes to the Third Amended Complaint.

The Defendants also oppose some of the new allegations, claiming that the new allegations relating to Lis Wiehl were added only to add "scandalous accusations" and not to advance the merits of the dispute; they also argue that those allegations do not support the underlying claim of violation of the Gender Violence Protection Law. Dkt. No. 157 at 13–15; Dkt. No. 158 at 11. At this juncture, however, the Court cannot conclude that these factual allegations are necessarily prejudicial to the Defendants or that the claims to which they relate are futile. At this point of the litigation, the Court cannot assess the truth of the factual allegations. The Defendants' other objections to the new allegations are similar and fail for the same reason. In due course, the Defendants will have full opportunity to rebut the new allegations.

Nor does the Court conclude that any of the proposed amendments are futile as a matter of law. *See* Dkt. No. 157 at 11–15. Futility can, of course, warrant denial of a motion to amend. *See Trez Capital Fla. Corp. v. Noroton Heights & Co.*, 20-cv-9622 (AJN), Dkt. No. 40 at 4–5 (S.D.N.Y. Aug. 23, 2021). For example, the Defendants argue that the new "breach of good faith and fair dealing" claim is barred as redundant of the claims relating to express contract provisions. In New York, parties to an express contract are bound by an implied duty of good faith, and a breach of that duty is considered a breach of the underlying contract. *Fasolino*

*Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992) (internal quotation marks and citations omitted).

As a general matter, to avoid redundancy, "[c]laims of breach of the implied covenant . . . must be premised on a different set of facts from those underlying a claim for breach of contract." *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 299 (S.D.N.Y. 2012) (citing *Deutsche Bank Sec. Inc. v. Rhodes,* 578 F. Supp. 2d 652, 664 (S.D.N.Y. 2008)).  Thus, "[a] party may maintain a claim for breach of the implied covenant only if the claim is based on allegations different from the allegations underlying the accompanying breach of contract claim," and "[a] claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract."  *Id.* (quoting *Deutsche Bank Sec. Inc.*, 578 F. Supp. 2d at 664; *ICD Holdings S.A. v. Frankel,* 976 F. Supp. 234, 243–44 (S.D.N.Y. 1997)). Notwithstanding this, the Court cannot conclude that claim futile as a matter of law.  It is not immediately apparent that Plaintiffs intend to premise the claim on the same set of allegations, and it is possible to bring both an express breach of contract claim and a claim alleging breach of the covenant of good faith and fair dealing if the conduct at issue, "though not breaching the terms of the contract in a technical sense, nonetheless deprived the other party of the benefit of its bargain." *CSI Investment Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 425 (S.D.N.Y. 2007) (citation omitted).  While the Defendants have raised a colorable argument that such a claim is redundant here, it is not clear that the claim is so futile as to warrant denial of the motion to amend.

Particularly in light of Rule 15(a)(2)'s admonition that the Court "should freely give leave" to amend the Complaint "when justice so requires," the Court concludes that none of the

Defendants' arguments in opposition to the motion are persuasive.  The Court thus concludes that granting the motion to amend is proper under the circumstances.

**IV.     Conclusion**

For the reasons stated above, the Plaintiffs' motion for leave to file the Third Amended Complaint is GRANTED.  Within two weeks of this Order, Plaintiffs are ORDERED to submit to the Defendants a redline detailing the differences between the Second Amended Complaint and the Third Amended Complaint.

In light of this, the Court hereby administratively denies the Defendants' motions to dismiss the Second Amended Complaint and Plaintiffs' motion to for leave to file a sur-reply. The parties shall confer on a briefing schedule and submit a joint letter to the Court within one week of this Order.  This resolves Dkt. Nos. 114, 117, 124, 147, and 151.

SO ORDERED.

Dated: September 20, 2021
        New York, New York

_____
        ALISON J. NATHAN
     United States District Judge